

**GERALD C. MANN**
**ATTORNEY GENERAL**

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

Department of Agriculture
Austin, Texas

Gentlemen:          Attention:   W. S. Bussey

Opinion No. 0-2495
Re: Is that portion of the Dallas
City Ordinance which provides
that the average tolerance on
ten loaves of bread made by
the same manufacturer when
weighed collectively shall not
exceed one-fourth ounce per
pound in deficiency valid?

Your recent request for an opinion of this Department on the above stated question has been received.

We quote from your letter as follows:

"Rule 5 under Article 719 of the Penal Code of Texas, in prescribing the tolerance for loaves of bread, reads in part as follows:

"'Variations, or tolerance, shall <u>not exceed</u> one ounce per pound over or under the said standards within a period of 24 hours after baking.' (underscore ours).

"Section 16 of Ordinance No. 2679 of the City of Dallas, in prescribing tolerance for loaves of bread, reads in part as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Department of Agriculture, Page 2

"'The variation and tolerance allowed in the weight of bread shall not exceed one (1) ounce per pound, over or under, on each individual loaf, within said 24 hour period; and the variation and tolerance allowed on 10 loaves of bread, made by the same manufacturer when weighed collectively, shall not exceed one-fourth (1/4) ounce per pound in deficiency' (underscore ours).

"In view of the fact that the State Law provides that the tolerance shall not exceed one ounce per pound over or under, will you please advise whether or not that portion of the Dallas City Ordinance which provides that the average tolerance on 10 or more loaves of bread made by the same manufacturer shall not exceed one-fourth ounce per pound in deficiency is a valid ordinance?"

Rule 5, Article 719, Vernon's Annotated Penal Code, reads as follows:

"Rule 5. Weight of Bread. Bread to be sold by the loaf made by bakers engaged in the business of wholesaling and retailing bread, shall be sold based upon any of the following standards of weight and no other, namely: a loaf weighing one pound or 16 ounces, a loaf weighing 24 ounces or a pound and a half, and loaves weighing two pounds or 32 ounces, and loaves weighing 3 pounds or some other multiple of one pound or 16 ounces. These shall be the standards of weight for bread to be sold by the loaf. Variations or tolerance shall not exceed one ounce per pound, over or under, the said standard within a period of 24 hours after baking."

Section 16 of Ordinance No. 2769 of the City of Dallas, in describing tolerance for loaves of bread, reads as follows:

"It shall be unlawful for any person by himself or by his employee or agent, or as the employee or agent of another, to manufacture for sale, sell, offer or expose for sale any bread otherwise than by the following units of weight: One (1) pound net, one and one-half (1½) pound net, or multiples of one (1) pound net. When twin or multiple loaves are baked, the weights specified in this ordinance shall apply

Department of Agriculture, Page 3

to each unit of the twin or multiple loaf. When bread is sliced prior to sale, it shall be wrapped and the weights specified in this ordinance shall apply to each package.

"The weight specified in this Section shall mean net weight not more than 24 hours after baking. All bread offered or exposed for sale or in the process of delivery in the City of Dallas shall for the purposes of this Section, be deemed prima facie to have been baked within 24 hours, unless such bread is marked, designated or segregated as 'stale bread.'

"The variation and tolerance allowed in the weight of bread shall not exceed one (1) ounce per pound, over or under, on each individual loaf, within said 24 hour period; and the variation and tolerance allowed on 10 loaves of bread, made by the same manufacturer when weighed collectively, shall not exceed one-fourth (1/4) ounce per pound in deficiency.

"The weights set out in this section shall not apply to crackers, pretzels, biscuits, buns, rolls or loaves of fancy bread weighing less than one-fourth (1/4) pound avoirdupois.

"All bakery products wrapped prior to sale, shall have the net weight plainly and conspicuously marked on the outside of each package.

"Any person violating any of the provisions of this Section of this Ordinance, shall be deemed guilty of a misdemeanor and shall be fined not less than $25.00 nor more than $200.00."

Here we have the question as to the validity of a portion of a city ordinance which is in certain particulars similar to the State Law, and makes additional requirements other than those mentioned in the State law. Rule 5 of Article 719, supra, provides that "variation or tolerance shall not exceed one ounce per pound over or under the said standard within a period of 24 hours after baking", and the above quoted city ordinance provides that "the variation and tolerance allowed in weight of bread shall not exceed one ounce per pound over or under, on each individual loaf, within said 24

Department of Agriculture, Page 4

hour period; and the variation or tolerance allowed on ten loaves of bread, made by the same manufacturer, when weighed collectively, shall not exceed one-fourth ounce per pound in deficiency." It will be noted that in the State statute there is no difference in the variations or tolerance when considering one loaf or any number of loaves collectively, but under the city ordinance for one loaf the variation or tolerance is the same as provided by the State statute; however, when ten loaves of bread, made by the same manufacturer, are weighed collectively then the variation or tolerance shall not exceed one-fourth ounce per pound in deficiency. Thus imposing additional requirements upon the baker or manufacturer when ten loaves are weighed collectively and decreasing the variation or tolerance to an amount considerably less than that would be permitted should the loaves be weighed separately.

It is stated in the case Ex Parte Brewer, 15 S. W. 1068, among other things, that "there is no inhibition in the Constitution or the laws of this State which will prevent the city from dealing with which the State laws do not deal where the police power is conferred upon the city . . ."

We quote from the City of Houston v. Richter, et al, 157 S. W. 189, as follows:

"The terms of the ordinance of the city have been heretofore set out. The effect of this provision is to prohibit, under penalty of fine, any plumber, who has received his license from the Board of Examiners under the provisions of the statutes, from exercising the privileges given him by the statutes unless he further gives the bond provided by the ordinance and receives a further license from the city of Houston, issued by the City Engineer . . . We think it is too clear for argument that the ordinance in question is inconsistent with the statute referred to."

In the case of Massachusetts Bonding & Insurance Company et al v. McKay, 10 S. W. (2d) 770, at page 771:

"In supplementary brief, appellants urge as fundamental error that the ordinance in question, requiring plumbers to execute a $3,000 bond in order to procure license to carry on their business in the City of Dallas is unconstitutional and void and there-

Department of Agriculture, Page 5

fore said bond executed pursuant thereto is of no force and effect. We think their contention in this respect is also good. In Articles 1076 and 1081, R. S., 1925, the Legislature has required that plumbers in cities and towns in cities of more than 5,000 inhabitants be licensed before they can operate and has undertaken to regulate the manner in which such license shall be issued. The statute itself does not provide for any bond to be executed as a prerequisite to the conduct of a plumber's business. The Legislature having so regulated the matter by prescribing fully the manner in which the plumbers should be licensed, the City of Dallas had no authority to impose additional burdens and requirements in these premises. This question was expressly decided by the Galveston Court of Civil Appeals, in Houston v. Richter, 147 S. W. 189. This holding was again expressly recognized in Xydias Amusement Company v. City of Houston, (Tex. Civ. App.) 185 S. W. 416. See also Pache v. Right (Tex. Civ. App.), 293 S. W. 659. And this general law of the State applies to the City of Dallas, irrespective of the provisions of special charter. Davis v. Holleran (Tex. Civ. App.) 168 S. W. 11; Pache v. Right, supra. Said ordinance imposing additional burdens to those required by the State law upon plumbers within that city was inconsistent with, and in conflict with, the State law and was therefore void. It follows then that said bond given pursuant to such ordinance was likewise void."

Xydias Amusement Company v. City of Houston, 185 S. W. 145, at page 420:

"The true rule is where the State law speaks, the city ordinance must be silent; where the State law is silent, the city must speak."

See also the cases of Mantel v. State, 117 S. W. 855 and Robinson v. City of Galveston, 111 S. W. 1076:

We conclude, therefore, that the portion of the City Ordinance of Dallas above quoted with reference to the variation and tolerance allowed on ten loaves of bread, made by the same manufacturer when weighed collectively, shall not exceed one-fourth ounce per pound in deficiency, invades the field

of legislation already occupied by the Legislature of Texas. We do not believe that the requirements of the above mentioned ordinance enlarges upon or adds to the requirements of the State statute in specific matters pertaining to the protection of the public. Which, generally speaking, municipal corporations have the right and the police power to safeguard the health, comfort of their citizens by such reasonable regulations as are necessary for that purpose. The police power authorizes only such measures as are reasonable; to be valid as an exercise of this power, an ordinance must be reasonable in its operation upon the person to whom it effects and must not be unduly oppressive. That is, it must appear that the means adopted are reasonably necessary and appropriate for the accomplishments of the legitimate object falling within the dominion of the police power. Tex. Jur. Vol. 30, pp. 120, 121.

Under the decisions of the courts of Texas, set out above, it is our opinion that the portion of the above mentioned city ordinance which reads that "the variation and tolerance allowed on ten loaves of bread, made by the same manufacturer, when weighed collectively, shall not exceed one-fourth ounce per pound in deficiency" is clearly invalid.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:BBB

APPROVED JUL 8, 1940

Glenn R. Lewis

Acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN